# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RICHARD ADAMS, <br><br>  Plaintiff, <br><br> v. <br><br> AIS TRUCKING, LLC; MOTOR TRANSPORT MUTUAL RISK RETENTION GROUP, INC.; and URESH SEELALL, <br><br> Defendants. | CV 2:24-120 |

**ORDER**

Before the Court is Defendant Motor Transport Mutual Risk Retention Group, Inc.'s ("Motor Transport") motion to dismiss. Dkt. No. 8. Plaintiff Richard Adams has filed no response to the motion, and the time for doing so has passed. Thus, the motion is ripe for review. For the reasons stated below, the motion is **GRANTED**.

**BACKGROUND**[1]

This action arises from a motor vehicle accident in Camden County, Georgia, on June 14, 2024. Dkt. No. 1-1 at 4-5. In the complaint, Plaintiff asserts he was driving his vehicle westbound on State Route 25 Spur, approaching the road's intersection with

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

Cypress Drive, when Defendant Uresh Seelall, who was driving a tractor trailer on behalf of Defendant AIS Trucking, LLC, failed to stop at the stop sign on Cypress Drive at its intersection with State Route 25 Spur. Id. ¶¶ 6-8. Plaintiff alleges the tractor trailer proceeded into the intersection, directly into the path of Plaintiff's travel, causing a collision. Id. ¶ 8. Plaintiff alleges the impact caused severe damage to his vehicle and severe injuries to himself. Id. ¶¶ 8, 9. Plaintiff alleges that Defendant Motor Transport, a foreign insurance company, provided liability insurance coverage to AIS Trucking during the relevant time. Id. ¶¶ 3, 21. Therefore, Plaintiff asserts, Motor Transport is subject to a direct action and "is responsible for any judgment rendered against Defendant AIS Trucking and Defendant Seelall up to at least its policy limits of coverage." Id. ¶¶ 3, 23.

Motor Transport moves to dismiss Plaintiff's direct action against it. Dkt. No. 8. Plaintiff has filed no response to the motion.

## LEGAL AUTHORITY

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well pleaded allegations of the complaint as true and views them in the light most favorable to the non-moving party. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "A complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no

2

set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). The Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Plaintiff asserts Motor Transport "is subject to this direct action pursuant to O.C.G.A. § 40-1-112 and § 40-2-140." Dkt. No. 1-1 ¶ 3. Motor Transport argues that because it is a foreign risk retention group, these direct action statutes are preempted by the Liability Risk Retention Act of 1986 ("LRRA") such that it is not subject to suit in this Court. Dkt. No. 8 at 3-4.

"Under Georgia law, '[t]he general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured.'" McIntire v. Ventura, No. 4:20-CV-319, 2021 WL 1947867, at *4 (S.D. Ga. May 14, 2021) (quoting Hartford Ins. Co. v. Henderson & Son, Inc., 371 S.E.2d 401, 402 (Ga. 1988)). "'However, Georgia has codified statutory exceptions to this rule, the direct action statutes, which permit a direct action by an injured party against an insurance carrier which insures a motor carrier.'" Id. (quoting Nat'l Indem. Co. v. Lariscy, 835 S.E.2d 307, 311 (Ga. Ct. App. 2019) (citing O.C.G.A. §§ 40-1-112, 40-2-140)).

Because Motor Transport is a risk retention group, the Court must determine whether Plaintiff can sue it under Georgia's direct action statutes. "The LRRA provides in part that 'a risk retention group is exempt from any State law . . . to the extent that such law . . . would make unlawful, or regulate, directly or indirectly,

4

the operation of a risk retention group.'" Id. (quoting 15 U.S.C. § 3902(a)(1)). "'[I]t has long been settled that state laws that conflict with federal law are 'without effect.'" Id. (quoting Mut. Pharm. Co. v. Bartlett, 570 U.S. 472, 479-80 (2013)). The Georgia Supreme Court has directly examined whether the LRRA preempts Georgia direct action statutes stating that:

> The clear goal of the LRRA is to streamline the operations of risk retention groups . . . by subjecting them to consistent regulation overseen by their chartering state. The direct action statutes subject insurers of motor carriers to lawsuits as parties, and thus, exposes them directly to liability and any consequent damages. As such, direct action statutes both directly and indirectly regulate the operations of insurers of motor carriers in Georgia. While this type of regulating may be permissible with respect to traditional insurance carriers, it is not allowed in the case of a foreign risk retention group by the express act of Congress in the LRRA. And, we cannot disregard Congress's command. In summary, application of the direct action statutory provisions, O.C.G.A. §§ 40-1-112(c), 40-2-140(d)(4), to [a] risk retention group . . . is preempted by the LRRA.

Id. (quoting Reis v. OOIDA Risk Retention Grp., Inc., 814 S.E.2d 338, 343 (Ga. 2018)). Accordingly, the Court finds that Plaintiff cannot bring a direct action against Motor Transport under O.C.G.A. § 40-1-112 or § 40-2-140. Id.; cf. Mitchell v. Dixie Transport, Inc., No. 1:16-cv-336, 2019 WL 6137488, at *4 (N.D. Ga. Nov. 19, 2019) (noting the distinction between "traditional insurance carriers," which are subject to Georgia's direct-action statutes, and risk retention groups, which are not (citing Reis, 814 S.E.2d

at 343)).  Motor Transport's motion to dismiss, dkt. no. 8, is therefore **GRANTED**.

## CONCLUSION

Defendant Motor Transport's motion to dismiss, dkt. no. 8, is **GRANTED**.  The Clerk is **DIRECTED** to terminate Motor Transport as a defendant in this action.

**SO ORDERED**, this 31st day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA